**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ted Dean Cook, | No. CV-18-08008-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendation from the Magistrate Judge (Doc. 23) ("R&R") recommending that the Petition in this case be dismissed because it is barred by the statute of limitations. Petitioner objected to the R&R. (Doc. 24). Respondents replied to the objection. (Doc. 25).

**I.      Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

[Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."). Accordingly, the Court will review the portions of the R&R to which Petitioner objected de novo.

**II.     Objections**

As indicated above, the R&R (Doc. 23) concludes that the Petition in this case is barred by the statute of limitations. Petitioner filed 5 objections to the R&R. (Doc. 24). As Respondents note in the reply, only one objection addresses the statute of limitations issue. (Doc. 25 at 2). The Court will consider the objection to the statute of limitations issue first.

**A.     Objection 5**

The R&R concluded that, after crediting Petitioner with all appropriate statutory tolling (Doc. 23 at 1-20), his Petition in this case was filed over eight months after the statute of limitations expired. (Doc. 23 at 20).[1] Petitioner objects to this conclusion arguing that his Petition for Review of the denial of leave to amend in his third post-conviction proceeding (which was his seventh attempt at relief from his conviction in state court) should entitle him to statutory tolling while the Petition for Review was pending with the Arizona Court of Appeals. (Doc. 24 at 5-6).[2]

The R&R concluded that this entire seventh attempt at relief in state court did not entitle Petitioner to statutory tolling because it was not timely and, therefore, not properly filed. (Doc. 23 at 17-19); *see also Pace v. DiGuglielmo,* 544 U.S. 408 (2005). Petitioner

---

[1] The R&R also concluded that Petitioner was not entitled to equitable tolling (Doc. 23 at 20-24) and neither party objected to that conclusion. The R&R also concluded that Petitioner was not entitled to the *Schlup* actual innocence gateway around the statute of limitations (Doc. 23 at 24-25) and neither party objected to that conclusion.

[2] Petitioner states that this Petition for Review was filed October 25, 2016. (Doc. 24 at 5). Respondent agrees. (Doc. 25 at 8). This Court's review of the record suggests this Petition for Review was filed October 24, 2016. (Doc. 18, Ex. BB) and the Arizona Court of Appeals granted review but denied relief January 4, 2018. (Doc. 18, Ex. CC). This one-day difference is not material to the statute of limitations conclusion.

1  argues that because the Arizona Court of Appeals ruling did not expressly state that the
2  motion to amend was untimely, the motion must have been properly filed for habeas tolling
3  purposes. (Doc. 24 at 6). Respondents note that the trial court found the motion to amend
4  to be untimely and the Arizona Court of Appeals held that the trial court did not abuse its
5  discretion. (Doc. 25 at 8). Thus, Respondents conclude that the trial court's finding that
6  the motion to amend was untimely was implicitly affirmed in the Court of Appeals
7  decision. (*Id.*).

This Court agrees with the R&R and Respondents. The third post-conviction relief petition (which was the seventh proceeding) was untimely and, thus, not properly filed in state court. Because it was not properly filed, Petitioner is not entitled to statutory tolling while this proceeding was pending in state court. Objection 5 is overruled.

**B.     Objections 1-4**

Petitioner's objections 1-4 focus on the claims in his habeas Petition that the R&R did not reach because the Petition is barred by the statute of limitations. (Doc. 24 at 2-5). Because this Court has agreed with the conclusion of the R&R that the Petition in this case is barred by the statute of limitations, the Court need not reach the merits of these objections. Alternatively, the Court agrees with Respondents' reply to the objections; specifically, that the claims are either without merit or not cognizable on habeas. (Doc. 25 at 2-7).

**III.     Conclusion**

**IT IS ORDERED** that the Report and Recommendation (Doc. 23) is accepted and adopted); the objections (Doc. 24) are overruled; the Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the Petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 8th day of April, 2019.

James A. Teilborg
Senior United States District Judge